# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN FRENCH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:12CV255 |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| TRIAGE STAFFING INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the undersigned magistrate judge *sua sponte*. On November 29, 2012, the undersigned magistrate judge entered an order requiring the plaintiffs to show cause why their action against the defendant should not be dismissed pursuant to NECivR 41.2. **See** Filing No. 4. The plaintiffs did not file a response. For the reasons set forth below, the undersigned magistrate judge will recommend the plaintiffs' Complaint as against the defendant be dismissed without prejudice.

## BACKGROUND

In this case the complaint was filed on July 24, 2012. **See** Filing No. 1. The plaintiffs' counsel filed an application for admission to practice in this court (Filing No. 3), which was granted. There is no evidence in the record the plaintiffs have sought a summons or served process for the defendant. The deadline for service of process expired on or about November 21, 2012. No answer was filed. The defendant has not made an appearance. The plaintiffs have initiated no other action in this matter. On November 29, 2012, the undersigned magistrate judge entered an order requiring the plaintiffs to show cause why their action against the defendant should not be dismissed pursuant to NECivR 41.2. **See** Filing No. 4. The court gave the plaintiffs until December 18, 2012, to proceed against the defendant or show cause why the action should not be dismissed for failure to prosecute. As of the date of this Findings and Recommendation, the plaintiffs have not filed a response to the show cause order.

## ANALYSIS

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

**See** Fed. R. Civ. P. 4(m). The Eighth Circuit has long held dismissal for failure to prosecute is well within the court's discretion. **See** *Roberts v. Missouri Div. Of Employment*, 636 F.2d 249, 250 (8th Cir. 1980). Dismissal without prejudice is appropriate when service of the summons and complaint has not been made upon the defendant within 120 days after filing of the complaint. **See** Fed. R. Civ. P. 4(m); *Bullock v. United States*, 160 F.3d 441, 442 (8th Cir. 1998) (per curiam) (affirming district court's dismissal without prejudice under Rule 4(m)); **see also** *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (dismissal affirmed where plaintiff given opportunity, failed to cure defect).

In this case, the plaintiffs failed to proceed against the defendant by service of the summons or any other action. The plaintiffs failed to provide the court with any explanation for the failure to proceed. The plaintiffs have not complied with the court's order to show cause why the action should not be dismissed against the defendant. The plaintiffs have acted in a manner that interferes with the orderly processes of this court. The undersigned magistrate judge finds the plaintiffs' failure to prosecute their action interferes with the orderly administration of justice. Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE LAURIE SMITH CAMP that:**

The plaintiffs' Complaint (Filing No. 1) be dismissed as to the defendant, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m) and NECivR 41.2.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such

objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 28th day of December, 2012.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.